# HOGUET NEWMAN REGAL & KENNEY, LLP

One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165

Tel 212.689.8808
Fax 212.689.5101
www.hnrklaw.com

jcurley@hnrklaw.com

February 29, 2024

> In view of Respondent's arguments contesting the continued sealing of this matter, and Petitioner having informed the Court that he does not object to the unsealing of these proceedings, this case shall be unsealed.  Either party may seek to file certain documents under seal or in redacted form in accordance with Rule 9 of the Court's Individual Rules and Practices in Civil Cases.
>
> A decision regarding the unopposed Petition will issue separately.
>
> The Clerk of Court is directed to unseal this case and all documents therein.  SO ORDERED.
>
> *Jennifer H. Rearden*
> Jennifer H. Rearden, U.S.D.J.
> Date: March 1, 2024

**VIA HAND DELIVERY**

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *William J. O'Reilly v. Andrea Mackris*, 23 Civ. 2377 (JHR)

Dear Judge Rearden:

We write as counsel for Petitioner in response to the Court's February 27, 2024 Order to Show Cause concerning the unsealing of this matter.  As described below, Petitioner does not oppose the unsealing.

From 2021 to 2022, Petitioner and Respondent Andrea Mackris participated in a confidential arbitration conducted in accordance with the rules of the American Arbitration Association.  At issue was the parties' compliance with a 2004 Confidential Settlement Agreement and General Release ("CSA").  The CSA embodies the parties' agreement that any judicial recourse in connection with the arbitration – including confirmation of an arbitration award – should be sought under seal, and that neither party would undertake to publicize such action in any way.  The arbitration is over, and the Arbitration Panel upheld the CSA.  It remains in effect, valid and enforceable.  Thus, in compliance with the CSA, Petitioner sought to confirm the arbitration Award under seal.

Notwithstanding the terms of the CSA, Respondent represented that she wishes these confirmation proceedings to be unsealed.  Specifically, on April 12, 2023, Respondent's counsel wrote to this Court stating:

> It is accurate that in her opposition to the motion to seal this action, Mackris did not oppose in substance that the Award should be confirmed. However, out of an abundance of caution, Mackris hereby repeats her opposition to O'Reilly's request that this Court decide the question of confirmation and entry of judgment of the Award in secret.

(Letter from Jeanne M. Christensen, dated Apr. 12, 2023, annexed hereto as Exhibit A).



  Accordingly, because Respondent has disclaimed her interest in the confidentiality of this confirmation Petition, Petitioner does not oppose the unsealing of these proceedings. Petitioner's primary interest as the prevailing party is to secure closure of the dispute, have the Award confirmed, and have a judgment entered. *See BlockApps, Inc. v. Blockskye, Inc.*, No. 21 Civ. 3598 (JPO), 2022 WL 912961, at *1 (S.D.N.Y. Mar. 29, 2022) ("The Award is not legally enforceable unless and until it is confirmed.").

  Because Respondent does "not oppose in substance that the Award should be confirmed," Exhibit A, and therefore cannot and will not present any basis for vacating, modifying, or correcting it, we respectfully request that the Petition be granted in full and judgment be entered thereon, and that this proceeding be unsealed. *Id.* (citing 9 U.S.C. § 9).

  We thank the Court for its attention to this matter.

Respectfully submitted,

John P. Curley

cc: Jeanne M. Christensen, Esq. (by email)
   Wigdor LLP

   *Counsel for Respondent*

# EXHIBIT A

# WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

April 12, 2023

**VIA EMAIL AND HAND DELIVERY**

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *William J. O'Reilly v. Andrea Mackris*, No. 23 Civ. 2377 (JHR)

Dear Judge Rearden:

We represent Respondent Andrea Mackris ("Mackris") and write in response to the letter that was submitted to the Court today by Petitioner William O'Reilly ("O'Reilly"). On March 13, 2023, O'Reilly opened an action under seal and filed a motion to confirm an arbitration award ("Award") issued on February 6, 2023, and to enter judgment, under seal. O'Reilly's motion to confirm the arbitration award under seal specifically requested that all documents and exhibits filed in support of the motion be maintained under seal. On March 21, 2023, Mackris opposed that motion, and counsel filed a notice of appearance. O'Reilly submitted a reply to Mackris' opposition to the request to seal this proceeding.

To date, counsel for Mackris has not received any communications about the motion and we only found out that this case is before Your Honor today when we were emailed a copy of O'Reilly's letter. It is accurate that in her opposition to the motion to seal this action, Mackris did not oppose in substance that the Award should be confirmed. However, out of an abundance of caution, Mackris hereby repeats her opposition to O'Reilly's request that this Court decide the question of confirmation and entry of judgment of the Award in secret. For the reasons previously set forth in the opposition, the public has a right to know about O'Reilly's request and he cannot overcome this strong presumption. Mackris respectfully requests that the Court does not confirm the Award without first adjudicating the motion to seal which Mackris adamantly disputes.

We thank the Court for its attention and time to this matter.

Respectfully,

Jeanne M. Christensen

cc: Steven M. Silverberg, Esq.