UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM J. O'REILLY,<br><br>        Petitioner,<br><br>    -v.-<br><br>ANDREA MACKRIS,<br><br>        Respondent. | 23 Civ. 2377 (JHR)<br><br>MEMORANDUM OPINION AND ORDER |

JENNIFER H. REARDEN, District Judge:

  Petitioner William J. O'Reilly filed a petition to confirm an arbitration award (the "Award") pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*  *See* ECF No. 9 (Petition). Respondent Andrea Mackris states that she does not oppose the Petition.  *See* ECF No. 15 (Respondent's Br.) at 1.  For the reasons set forth below, the Court confirms the Award.

## I. BACKGROUND

  This case arises from "alleg[ed] breaches of a confidential settlement agreement" (the "Settlement Agreement") signed by the parties on October 28, 2004.  ECF No. 9-3 (Award) at 2[1]; *see* ECF No. 9-1 (Settlement Agreement).  The Settlement Agreement withdrew two underlying state court proceedings between Petitioner and Respondent (among others): Petitioner's October 2004 action for extortion in New York State Supreme Court, Nassau County, and Respondent's October 2004 action for sexual harassment and retaliation in New York State Supreme Court, New York County (collectively, the "2004 Actions").  Award at 3.

  The Settlement Agreement contains, as relevant here, a "Confidentiality [and] Non-Disparagement" clause.  *See* Settlement Agreement ¶ 7.  That clause provides that "[s]trict and complete confidentiality is the essence of th[e] [A]greement," and, among other things, forbids

---

[1] All citations to the Award correspond to the Award's internal page numbers.

either "party or representative of a party (including attorneys) [from] mak[ing] or issu[ing] any statement concerning th[e] Agreement . . . [or the 2004] Actions." *Id.* ¶ 7(a), (e). Under the terms of the Confidentiality and Non-Disparagement clause, "[Respondent] expressly agree[d] that in the event of [a] breach [of the clause], . . . [Petitioner] [would] be entitled to injunctive relief enjoining any such breach, specific performance of . . . [the clause], and, upon a finding by an arbitration panel[,] . . . it [would] be presumed that such breach caused damages to [Petitioner]." *Id.* ¶ 7(f).

The Settlement Agreement also contains an arbitration clause. *See id.* ¶ 9. That clause provides that "[a]ny action arising out of or relating to th[e] [Settlement] Agreement must only be brought and prosecuted before an arbitration panel." *Id.* ¶ 9(a). It also requires that the arbitration panel be convened "in New York [and] selected by and in accordance with the rules of the American Arbitration Association" (the "AAA"). *Id.* Moreover, in issuing an award, "the arbitrators shall issue a full opinion setting forth their decision and the reasons therefore." *Id.* The arbitration clause further provides that "the arbitrators shall award reasonable attorney's fees, costs and expenses to any prevailing party or parties." *Id.*

On September 21, 2021, Petitioner initiated arbitration proceedings in accordance with the Settlement Agreement, alleging breaches of that agreement. Award at 2. The complaint sought "both damages and injunctive relief," and "Respondent's answer set[] forth defenses and counterclaims for non-monetary as well as compensatory damages and punitive damages." *Id.* A three-member panel (the "Panel") was selected pursuant to AAA rules and the Settlement Agreement. *Id.* At the outset, the Panel directed Petitioner "to pay all AAA administrative fees and arbitrator expenses, with leave to seek reimbursement from Respondent at a later date." ECF No. 12 (Curley Decl.) ¶ 8; *see also* Award at 3 (order "relating to allocation of fee deposits").

The parties participated in the arbitration proceedings over a seventeen-month period. Award at 3. During that time, the parties engaged in discovery and the submission of pre-hearing memoranda, followed by a two-day hearing conducted by the Panel in mid-September 2022. Award at 3. On October 18, 2022, counsel for the parties presented closing arguments, and on November 4, 2022, they filed post-hearing briefs. *Id.* "Upon receiving the briefs, the Panel began its detailed study of this matter, examining the record, conferring with each other, and deliberating, as a result of which it reached [its] decision[]." *Id.*

On February 6, 2023, after finding "material breaches of the [Settlement] Agreement by both [p]arties," *id.* at 18, the Panel issued the nineteen-page Award largely in favor of Petitioner, *id.* at 19-20. Among other relief, the Panel "grant[ed] a permanent injunction restraining Respondent from any future violation of the terms of the Confidential Settlement Agreement, especially the Confidentiality; Non-Disparagement provisions of Paragraph 7," and ordered Respondent to "reimburse [Petitioner] the sum of $96,195.58, representing that portion of [arbitration] fees and expenses in excess of the apportioned costs previously incurred by [Petitioner]." *Id.* at 19-20. The Panel noted "several reasons for [its] conclusions," including that "the breaches by Respondent . . . were multiple and egregious in nature, with some involving her book more glaring, requiring . . . injunctive relief to ensure the integrity of the Settlement Agreement on an ongoing basis." *Id.* at 18. The Panel also decided, "in the circumstances of th[e] proceeding, . . . to deny any reimbursement of lawyer fees," to "make [Petitioner] and Respondent responsible for their own attorney fees and for one-half of the costs of the [AAA's] forum fees and the fees of the Panel," and to "deny [Petitioner] any recovery from Respondent of fees and costs incurred in other litigations relating to this matter." *Id.* at 19.[2]

---

[2] Furthermore, "[i]n finding that each [p]arty breached the confidentiality of the [Settlement] Agreement, the Panel consider[ed] such a breach . . . to be a material one under an Agreement in

3

In March 2023, Petitioner commenced the instant action[3] seeking confirmation of the Award and entry of a judgment (i) directing Respondent to pay Petitioner $96,195.58, and (ii) permanently enjoining Respondent "from taking any and all actions that would constitute a breach of the [Settlement Agreement]." ECF No. 13 (Proposed Order & Judgment) ¶¶ 2-3; *see also* Pet. at 1. Respondent does "not contest [Petitioner's] motion to confirm the Arbitration Award, and does not assert a basis for vacating, modifying, or correcting it." Resp't's Br. at 1.

## II.     LEGAL STANDARD

The Federal Arbitration Act "provides for expedited judicial review to confirm, vacate, or modify arbitration awards." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 578 (2008). The Second Circuit "has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). "A court's review of an arbitration award is severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive

---

which the [p]arties described confidentiality as at its essence and in the Agreement's . . . press release they stated that 'out of respect for their families and privacy, all parties and their representatives have agreed that all information relating to the cases shall remain confidential.'" Award at 18. In addition, "[w]ith respect to an award of damages and costs, as sought by both [p]arties," the Panel took "account of a number of considerations," including "the material breaches of the [Settlement] Agreement by both [p]arties; Respondent's long and positive history of compliance with the confidentiality provisions of the [Settlement] Agreement before 2018; Respondent's financial and economic inability to respond[;] . . . Respondent's employment history[;] . . . and [Petitioner's] expressed need for a forward-looking remedy rather than backward-looking relief." *Id.* at 18-19.

[3] At the beginning of these proceedings, Petitioner moved to file the Petition under seal. Respondent opposed. The Honorable J. Paul Oetken, sitting in Part 1, granted the motion. ECF No. 1. On February 27, 2024, upon consideration of supplemental submissions by Respondent contesting the continued sealing of this matter, this Court issued an Order directing Petitioner to show cause why the case should not be unsealed. *See* ECF No. 20. On February 29, 2024, Petitioner informed the Court that he "does not oppose the unsealing of these proceedings." ECF No. 19 at 2. In an Order dated March 1, 2024, the Court unsealed this case. ECF No. 8.

litigation." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015) (quoting *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71-72 (2d Cir. 2012)). Consistent with these principles, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "The movant's burden 'is not an onerous one,'" *Bailey Shipping, Ltd. v. Am. Bureau of Shipping*, 431 F. Supp. 3d 359, 364 (S.D.N.Y. 2019) (citation omitted), and requires only "a barely colorable justification for the outcome reached," *Landy Michaels Realty Corp. v. Loc. 32B-32J*, 954 F.2d 794, 797 (2d Cir. 1992). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners*, 804 F.3d at 275 (alterations in original) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

In cases such as this, where the "petition to confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record . . . as akin to a motion for summary judgment.'" *Treasury Two Tr. v. Teras BreakBulk Ocean Navigation Enter. LLC*, No. 20 Civ. 4089 (GHW), 2020 WL 4937468, at *2 (S.D.N.Y. Aug. 24, 2020) (quoting *D.H. Blair & Co.*, 462 F.3d at 109). "Under the familiar summary judgment standard, 'a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Bailey Shipping, Ltd.*, 431 F. Supp. 3d at 364 (quoting Fed. R. Civ. P. 56(a)). "However, 'even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.'" *Mason Tenders Dist. Council of Greater N.Y. &*

5

*Long Island v. Adalex Grp., Inc.*, No. 13 Civ. 764 (PAE), 2013 WL 5322371, at *3 (S.D.N.Y. Sept. 23, 2013) (alterations omitted) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004)); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."). Similarly, on an unopposed motion for confirmation of an arbitration award, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Mason Tenders Dist. Council of Greater N.Y. & Long Island*, 2013 WL 5322371, at *3 (quoting *D.H Blair & Co.*, 462 F.3d at 110).

### III.   DISCUSSION

Petitioner has met his burden "to show that no genuine factual dispute exists." *Vt. Teddy Bear Co.*, 373 F.3d at 244. As an initial matter, "Petitioner[] ha[s] presented undisputed evidence that arbitration was appropriate in this case." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040 (RA), 2016 WL 6952345, at *3 (S.D.N.Y. Nov. 28, 2016). The Settlement Agreement provides, in relevant part, that "[a]ny action arising out of or relating to th[e] Agreement must only be brought and prosecuted before an arbitration panel." Settlement Agreement ¶ 9. The dispute here stemmed from "alleg[ed] breaches of [the] confidential settlement agreement." Award at 2. Thus, "[t]his dispute is plainly within the scope of the [Settlement Agreement's] arbitration provision." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *see, e.g.*, *Treasury Two Tr.*, 2020 WL 4937468, at *2 (confirming arbitration award upon finding, *inter alia*, that the arbitration

6

provision in the parties' contract constituted "undisputed evidence that the parties consented to arbitration for any dispute that might arise out of or in connection with their contract").

Moreover, "there is no dispute that the [Panel] acted within the scope of [its] authority." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3. The Settlement Agreement provides that any arbitral proceedings must be brought "before an arbitration panel in New York selected by and in accordance with the rules of the American Arbitration Association"; that the Panel is limited to reviewing those issues "arising out of or relating to th[e] Agreement"; and that in rendering an award, "the [Panel] shall issue a full opinion setting forth [its] decision and the reasons therefore." Settlement Agreement ¶ 9(a). Petitioner "has submitted undisputed evidence, including . . . the Award itself, demonstrating that the [Panel] complied with the [Settlement Agreement]." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3. Specifically, the Award and other record evidence reflect that the Panel conducted proceedings in New York in accordance with AAA rules, *see, e.g.*, Award at 2-3; that the Panel properly limited its review to the parties' "alleg[ed] breaches of [the] confidential settlement agreement," *see, e.g., id.* at 2, 7; and that the Award issued by the Panel was set forth in a fulsome opinion detailing the Panel's reasons for its decision, *see, e.g., id.* at 15-18. "Petitioner[] ha[s] also submitted undisputed evidence . . . that the [Panel's] remedy was appropriate," considering that the permanent injunction and other remedies awarded were "specifically identified as forms of relief available under the [Settlement Agreement]." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *see, e.g.*, Settlement Agreement ¶ 7(f); Award at 19-20.

Finally, with respect to the substance of the Award, based on the Court's "severely limited" review of the record before it, *United Bhd. of Carpenters*, 804 F.3d at 274, the Court concludes that "there is no material issue of fact for trial," *Adalex Grp., Inc.*, 2013 WL 5322371, at *3; *see also* Fed. R. Civ. P. 56(a). Indeed, in view of the "substantial . . . evidence" that was

7

generated by the parties during the seventeen-month-long arbitral proceedings and "cogently recited" by the Panel in rendering its Award, "there is at least, and likely more than, a 'barely colorable justification for the outcome reached.'" *Adalex Grp., Inc.*, 2013 WL 5322371, at *3 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.").

Accordingly, the Court confirms the Award in its entirety.

## IV. CONCLUSION

For the foregoing reasons, the Petition to confirm the arbitration award is GRANTED, and the Award is confirmed in all respects.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:  March 8, 2024
        New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

8